## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 22-CR-443 |
| **HASAAN TAYLOR**<br>  a/k/a "Hasaan Taylor," | : | |
|   a/k/a "Hasaan Rahmir Taylor," | : | |

## GUILTY PLEA MEMORANDUM

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney for the district respectfully submits this guilty plea memorandum. The guilty plea hearing is scheduled for March 27, 2023.

### I.   INTRODUCTION

The defendant is charged by indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The defendant has agreed to plead guilty to the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and the parties agree to jointly recommend a sentence of imprisonment within a range of 37 to 46 months' incarceration, a 3-year period of supervised release, and a fine as the Court may deem appropriate. The defendant also agrees not contest forfeiture of the firearm and pay a special assessment of $100. The plea agreement is provided to the Court as Exhibit A.

## II. **ELEMENTS OF THE OFFENSE**

Count One: Possession of a Firearm by a Felon

To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove the following elements beyond a reasonable doubt:

1. The defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2. The defendant was aware that he had been convicted of such a crime;

3. That after this conviction, the defendant knowingly possessed a firearm or ammunition; and

4. That the firearm or ammunition was in or affecting interstate commerce.

Third Circuit Model Criminal Jury Instruction § 6.18.922G; *see also United States v. Higdon,* 638 F.3d 233, 239-40 (3d Cir. 2011); *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000); amended to comply with *Rehaif v. United States,* 139 S. Ct. 2191 (2019).

## III. **MAXIMUM AND MANDATORY MINIMUM PENALTIES**

Count One (Possession of a firearm by a felon): 10 years' imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

Total Maximum and Mandatory Minimum Penalty: 10 years' imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment. There is no mandatory minimum penalty at issue in this matter.

## IV. **FACTUAL BASIS**

Were this case to go to trial, the United States would prove, beyond a reasonable doubt, facts including, but not limited to, the following:

On March 14, 2022, at approximately 6:02 p.m., Philadelphia Police Highway Patrol Officer Clifford Gilliam Jr. and Sgt. Sergio Diggs[1] were on patrol in full uniform in a marked

---

[1] Officer Diggs at time of arrest.

patrol car in the area of 45th and Westminster Avenue in Philadelphia when they noticed a car with excessively dark tinted windows and an inoperable center brake light. The officers initiated a traffic stop for the motor vehicle code violations.

Sgt. Diggs approached the driver's side and ordered the driver to roll down all the windows for officer safety. The defendant was the front seat passenger. Officer Gilliam approached the passenger side of the car at which time he observed a large bulge in the defendant's front waist area. Officer Gilliam immediately knew the bulge was consistent with the shape of an extended magazine. He asked the driver and the defendant if either had a license to carry a firearm and if there were any firearms in the vehicle. Both replied "no."

After Sgt. Diggs finished gathering the vehicle information from the driver, Officer Gilliam asked the defendant to raise his hands and touch the ceiling of the car, which is his standard practice in this type of situation. At that point it was even more clear to him that the defendant had at least an extended firearm magazine. Officer Gilliam signaled Sgt. Diggs to come to his side of the car and Sgt. Diggs assisted Officer Gilliam with removing the defendant from the car.

Officer Gilliam recovered a Glock, model 21, .45 Auto caliber semi-automatic handgun, bearing serial number AFDX053 with an extended magazine loaded with 25 rounds of .45 Auto caliber ammunition from Taylor's front groin area. Record checks showed Taylor did not have a concealed carry permit. The defendant was arrested, and the driver was cleared and given a verbal warning for the motor vehicle code infractions.

The firearm was swabbed for DNA and the defendant's DNA was obtained pursuant to a search warrant. DNA comparison testing linked the defendant to the firearm.[2]

At the time of his arrest and the recovery of the firearm, the defendant had previously knowingly pled guilty in the Court of Common Pleas, Lycoming County, to a felony punishable by a term exceeding one year under docket number CP-41-CR-0000149-2021. The defendant executed a written guilty plea colloquy advising him that he could be imprisoned for a term exceeding one year.

The recovered firearm was later test-fired and determined to be operable by Officer Gregory Welsh, a ballistician assigned to the Philadelphia Police Department's Firearms Identification Unit. It therefore meets the definition of a firearm under 18 U.S.C. § 921(a)(3). Officer Welsh noted that the automatic selector switch attached to the recovered gun operated in fully automatic fashion in both positions. Special Agent Kyle Raguz with the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearm was manufactured outside the Commonwealth of Pennsylvania, and thus traveled in and affected interstate commerce.

---

[2] The DNA detected in the sample from the firearm is consistent with a mixture of partial DNA profiles originating from at least three individuals, at least one of whom is male. Under the scenario that this DNA mixture originates from the defendant and two random unrelated individuals, it is 731.4 million times more likely to occur than if it originates from three random unrelated individuals in the Caucasian population, 28.42 million times more likely to occur than if it originates from three random unrelated individuals in the African American population and 802.3 million times more likely to occur than if it originates from three random unrelated individuals in the Hispanic population.

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea to the indictment.

        Respectfully submitted,

        JACQUELINE C. ROMERO
        United States Attorney

        /s/ Nicholas E. Freeman
        NICHOLAS E. FREEMAN
        Special Assistant United States Attorney

DATE:  March 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's change of plea memorandum has been served on this date by electronic mail to counsel of record for the defendant.

/s/ Nicholas E. Freeman
NICHOLAS E. FREEMAN
Special Assistant United States Attorney

Dated: March 27, 2023