# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-CR-443 |
| HASAAN TAYLOR | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney, respectfully files this sentencing memorandum regarding defendant Hasaan Taylor.

## I. BACKGROUND

On December 6, 2022, a federal grand jury sitting in the Eastern District of Pennsylvania returned an indictment against the defendant, Hasaan Taylor, charging him with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On March 27, 2023, Taylor pled guilty to Count One of the indictment in accordance with a guilty plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). A sentencing hearing has been scheduled for September 6, 2023, at 10:30 a.m., before the Honorable Gerald J. Pappert, U.S.D.J.

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence within a range of 37 to 46 months' imprisonment, a period of three years' supervised release, and a $100 special assessment. For the reasons outlined below, the government urges the Court to accept the

terms of the plea agreement and sentence the defendant to a term of 46 months's incarcerationm and a three-year period of supervised release.

## II.    <u>FACTS OF THE CASE</u>

As was set for the in the government's change of plea memorandum, and was agreed to by the defendant, had the case proceeded to trial the government would have proven the following:

On March 14, 2022, at approximately 6:02 p.m., Philadelphia Police Highway Patrol Officer Clifford Gilliam Jr. and Sgt. Sergio Diggs[1] were on patrol in full uniform in a marked patrol car in the area of 45th and Westminster Avenue in Philadelphia when they noticed a car with excessively dark tinted windows and an inoperable center brake light. The officers initiated a traffic stop for the motor vehicle code violations.

Sgt. Diggs approached the driver's side and ordered the driver to roll down all the windows for officer safety. The defendant was the front seat passenger. Officer Gilliam approached the passenger side of the car at which time he observed a large bulge in the defendant's front waist area.  Officer Gilliam immediately knew the bulge was consistent with the shape of an extended magazine.  He asked the driver and the defendant if either had a license to carry a firearm and if there were any firearms in the vehicle.  Both replied "no."

After Sgt. Diggs finished gathering the vehicle information from the driver, Officer Gilliam asked the defendant to raise his hands and touch the ceiling of the car, which is his standard practice in this type of situation.  At that point it was even more clear to him that the defendant had at least an extended firearm magazine. Officer Gilliam signaled Sgt. Diggs to

---

1 Officer Diggs at time of arrest.

come to his side of the car and Sgt. Diggs assisted Officer Gilliam with removing the defendant from the car.

Officer Gilliam recovered a Glock, model 21, .45 Auto caliber semi-automatic handgun, bearing serial number AFDX053 with an extended magazine loaded with 25 rounds of .45 Auto caliber ammunition from Taylor's front groin area. Record checks showed Taylor did not have a concealed carry permit. The defendant was arrested, and the driver was cleared and given a verbal warning for the motor vehicle code infractions.

The firearm was swabbed for DNA and the defendant's DNA was obtained pursuant to a search warrant. DNA comparison testing linked the defendant to the firearm.[2]

At the time of his arrest and the recovery of the firearm, the defendant had previously knowingly pled guilty in the Court of Common Pleas, Lycoming County, to a felony punishable by a term exceeding one year under docket number CP-41-CR-0000149-2021. The defendant executed a written guilty plea colloquy advising him that he could be imprisoned for a term exceeding one year.

The recovered firearm was later test-fired and determined to be operable by Officer Gregory Welsh, a ballistician assigned to the Philadelphia Police Department's Firearms

---

[2] The DNA detected in the sample from the firearm is consistent with a mixture of partial DNA profiles originating from at least three individuals, at least one of whom is male. Under the scenario that this DNA mixture originates from the defendant and two random unrelated individuals, it is 731.4 million times more likely to occur than if it originates from three random unrelated individuals in the Caucasian population, 28.42 million times more likely to occur than if it originates from three random unrelated individuals in the African American population and 802.3 million times more likely to occur than if it originates from three random unrelated individuals in the Hispanic population.

Identification Unit. It therefore meets the definition of a firearm under 18 U.S.C. § 921(a)(3). Officer Welsh noted that the automatic selector switch attached to the recovered gun operated in fully automatic fashion in both positions. Special Agent Kyle Raguz with the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearm was manufactured outside the Commonwealth of Pennsylvania, and thus traveled in and affected interstate commerce.

## III.   LEGAL STANDARD

This Court must follow a three-step process when sentencing a defendant: (1) calculate the defendant's guideline sentence, (2) formally rule on any departure motions and state how any departure affects the defendant's guideline calculation, and (3) exercise discretion by separately considering the relevant factors outlined in 18 U.S.C. § 3553(a) when setting the sentence they impose. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent § 3553(a) factors in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which supports a sentence of 46 months' imprisonment, a period of three years' supervised release, and a $100 special assessment.

## IV.   SENTENCING CALCULATION

### A.   Statutory Maximum Sentence

The maximum statutory sentence that this Court can impose is 10 years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment.

### B.   Sentencing Guidelines Calculation

The presentence report (PSR) correctly determined that the base offense level for a violation of 18 U.S.C. § 922(g)(1) under § 2K2.1 of the Sentencing Guidelines, is 22, since the offense involved a firearm that is capable of accepting a large capacity magazine and a firearm as described in 26 U.S.C. §5845, and the defendant committed the offense subsequent to sustaining a conviction for a controlled substance offense.  PSR pg. 6-7.  After subtracting a total of three levels for the defendant's timely acceptance of responsibility the total offense level is 19.  PSR pg. 7.

The defendant has two prior convictions, one in the Philadelphia County Court of Common Pleas, and one in the Court of Common Pleas of Lycoming County. On May 23, 2022, in the Philadelphia County Court of Common Pleas, the defendant was sentenced for carrying firearms in public (M1), to two years of probation.  Because this conviction occurred within the last 10 years, one criminal history point is added. PSR pg. 7.  On November 5, 2021, in Court of Common Pleas of Lycoming County, the defendant was sentenced for manufacture, deliver, or possession with intent to manufacture or deliver a controlled substance (two counts) 9 to 18 months' confinement.  Because this conviction occurred within the last 15 years, three criminal history points are added. Because the defendant committed the instant offense while under a criminal justice sentence (probation/parole), based on the two convictions noted above, an additional two

points are added for a total of six criminal history points. A criminal history score of six establishes a criminal history category of III. PSR pg. 8.

The applicable guideline range for an offense level of 19 and a criminal history category of III is 37 to 46 months' imprisonment. USSG Sentencing Table.

## V. GOVERNMENT'S RECOMMENDATIONS CONCERNING SENTENCING

### A. Sentencing Factors

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the government's requested sentence is an appropriate sentence in this case. The Court must consider all of the sentencing considerations set forth in § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**B.** **Application**

The relevant § 3553(a) factors will be discussed in turn.

### 1. The Nature and Circumstances of the Offense

This was a serious offense. Notwithstanding the defendant's criminal history prohibiting him from possessing a firearm, he possessed an illegal firearm in Philadelphia. Fortunately, however, the defendant's actions in this case, while dangerous, did not result in physical harm to innocent individuals. Therefore, while incredibly serious, the intervention of law enforcement avoided any potential physical harm being caused by the defendant's possession of the firearm

### 2. The History and Characteristics of the Defendant

The defendant is a 22 year-old male from Philadelphia who was residing with his mother at the time of his arrest.. PSR pg. 10. He is not married and does not have any children. For the last two years he has been in a relationship. PSR pg. 11. It appears that defendant had a relatively stable upbringing. There appears to be no major traumatic incidents in defendants life prior to this offense, although he reports that his father was incarcerated much of his childhood and feels that they are just getting to knoweach other. PSR pg. 10. Despite a relatively stable upbringing, it appears that Taylor simply chose to live a life that involved the sale of narcotics and the illegal possession of firearms. The PSR shows a young man who had the support of a family and nonetheless chose to engage in criminal activity.

Even after his arrest, while in custody at a Philadelphia prison facility, he failed to avoid illicit activity. During a prison video visit he can be seen branishing a shiv (a makeshift weapon) which he pulled out to show his visitor.



**3.      The Need for Sentence Imposed to Reflect Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment**

There is a strong need to impose a custodial sentence that reflects the seriousness of the offense, promotes respect for U.S. laws, and provides just punishment.  The City of Philadelphia is plagued by gun violence.  It is imperative, therefore, that the defendant's conduct be punished accordingly for his possession of a firearm in this case. The defendant's conduct in this case, while on probation for the illegal possession of a firearm, supports a sentence of imprisonment.  The agreed upon recommendation of incarceration, 37 to 46 months, is longer than any other term imposed on the defendant and will far exceed his prior incarceration terms.  It is the government's

hope that this term of imprisonment will help to instill respect for the law and reflect the seriousness of the case upon the defendant. It is the government's belief that a term of inprinment at the upper end of the guideline is appropriate.

### 4. The Need for Adequate Deterrence and Protection of Public

The need for adequate deterrence of this type of crime is great. Given the prevalence of gun violence in this region, the need to deter others from similar crimes is especially important. Furthermore, the recommended sentence protects the public from further crimes by the defendant, for at least as long as he remains in prison. The agreed recommendation of a 37 to 46 month term of incarceration and a period of supervised release, should deter the defendant from future crime, particularly gun crime. The defendant will effectively be under court related oversight for a lengthy period of time, which will aid in his deterrence. Facing the prospect of reincarceration for any violation, and potential future federal prosecution for any new offense, the defendant will, hopefully, begin to lead a law-abiding lifestyle.

### 5. The Need to Provide the Defendant with Training, Medical Care or Correctional Treatment

There is no demonstrated need to adjust the sentence in order to provide the defendant with needed educational or vocational training, medical care or additional treatment that cannot be adequately addressed by the Bureau of Prisons during incarceration. Should the defendant wish to avail himself of the Bureau of Prisons', or U.S. Probation Office's, offerings for education, training, or treatment, the agreed upon sentence will not inhibit those efforts.

### 6. The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants

Adherence to the recommended guideline range is generally the best course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly-situated offenders. The government recommends that the Court accept the plea agreement and that the Court ultimately impose a sentence near the top of the applicable guideline range.

The government submits to the Court that a sentence near the top of the guidelines is appropriate in this case due to the defendant possessing a firearm a mere four months after being sentenced for a crime of the same nature, and being on probation for that crime.

For all of these reasons, the government respectfully submits that a sentence near the upper end of the guidelines is appropriate and asks the Court to impose such sentence of 46 months' incarceration, a three year period of supervised release, a $100 special assessment, and a fine, if any, left to the discretion of the Court.

### 7. Restitution

There is no restitution applicable in this case.

## VII. <u>CONCLUSION</u>

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition of imprisonment in this case near the upper end of the guidelines. For the reasons outlined above,

the government submits that the recommended sentence is fair, appropriate, and sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

JACQUELINE C. ROMERO
*United States Attorney*

/S/ Nicholas E. Freeman
NICHOLAS E. FREEMAN
*Special Assistant United States Attorney*

Date:   August 25, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum

has been served by electronic filing upon counsel for the Defendant:

Timothy A Wright, Esquire
Assistant Federal Defender
Federal Community Defender
for the Eastern District of Pennsylvania
601 Walnut Street,
Suite 540 West
Philadelphia, PA 19106
215-928-1100
timothy_wright@fd.org
*Appointed Counsel for Defendant Hasaan Taylor*


/S/ Nicholas E. Freeman
NICHOLAS E. FREEMAN
*Special Assistant United States Attorney*

Date: August 25, 2023