# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 22-443 |
| | : | |
| HASAAN TAYLOR | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

On March 14, 2022, Hasaan Taylor was arrested for illegal gun possession. He has been incarcerated ever since. His arrest has profoundly affected him, and the ramifications of his conduct have impacted both his life and the lives of those closest to him. Consequently, Mr. Taylor has spent the time since his arrest in serious self-reflection, and he has taken steps to better himself and ensure a more positive future for himself and his family.

Mr. Taylor respectfully submits this memorandum in aid of sentencing. On March 27, 2023, Mr. Taylor pleaded guilty pursuant to Federal Rule of Criminal Procedure 1 l(c)(l)(B) and accepted full responsibility for his actions. Pursuant to the agreement, the parties have agreed to make a joint recommendation for a sentence of imprisonment within the range of 37 months to 46 months, three years of supervised release, and a fine, if any, to be determined by the Court. The Presentence Report drafted by United States Probation Officer Carolyn DeMayo estimates Mr. Taylor's Guidelines sentencing range to be 37 to 46 months based upon a determination that he is a Criminal History Category III and a total offense level of 19. As set forth in detail below, the agreed upon sentence range is sufficient to achieve the goals of sentencing in Mr. Taylor's case and Mr. Taylor asks this Court to impose a sentence at the lowest possible term.

I.   **PROCEDURAL HISTORY**

On March 14, 2022, Mr. Taylor was arrested by the Philadelphia Police Department and detained in local custody. On December 6, 2022, a federal grand jury sitting in the Eastern District of Pennsylvania returned a single count indictment against Mr. Taylor, charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). That same day a federal bench warrant was issued for Mr. Taylor, and he was taken into custody and transferred to the Federal Detention Center in Philadelphia on December 8, 2022. On December 15, 2022, Mr. Taylor stipulated to pretrial detention at a hearing before U.S. Magistrate Judge Pamela A. Carlos. On March 27, 2023, Mr. Taylor pled guilty to Count One on the indictment pursuant to a written plea agreement. Sentencing is scheduled for October 31, 2023.

II.   **DEFENDANT'S PERSONAL HISTORY**

Hasaan Taylor is twenty-two years old. He was born, raised, and has lived his entire life in Philadelphia. He was raised by his mother in an apartment with two of his four siblings. His parents were not married. He remembers very little about what life was like when his father was around, as his father was incarcerated for most of his childhood. Mr. Taylor has a good relationship with his mother, and upon his eventual release he will resume living with her.

Mr. Taylor grew up in North Philadelphia in a neighborhood steeped in violence and drugs. His mother was a single mother who had the sole responsibility for the care of her 3 children. She received little to no support from their fathers. To make ends meet she worked fulltime and as a consequence, Mr. Taylor and his siblings were often left unsupervised. Mr. Taylor regularly witnessed violence and narcotics activity in his neighborhood. This activity followed him to his neighborhood schools and became a regular fact of life at home and at school. He ultimately

dropped out of school in 11th grade, in large part due to the violence he experienced there. This is the setting in which Mr. Taylor came of age.

Mr. Taylor's young life thus far can be viewed as a cautionary tale. At the time of his arrest in this case, Mr. Taylor was unemployed and aimless, and without a positive male role model. Having spent his formative years exposed to regular acts of crime and violence on the streets and in school, and in the absence of an involved father figure, Mr. Taylor struggled in the transition to adulthood and in the integration into mainstream society. Without a high school diploma or a general equivalency degree, Mr. Taylor's employment options were limited, and he ended making choices that led him to the criminal justice system at age eighteen.

At just twenty-two years old, Mr. Taylor has now suffered a federal conviction and is facing a federal prison sentence. He has accepted responsibility for his actions and is prepared to accept the consequences. More importantly, he is prepared, both in attitude and ability, to choose the law-abiding path going forward. Mr. Taylor does not make excuses for his actions; rather, he accepts full responsibility and acknowledges he must pay a debt to society while taking advantage of the rehabilitative programming that will be available to him through the Bureau of Prisons.

Despite his circumstances, there are bright spots for Mr. Taylor, and he remains optimistic and forward-looking. He has the strong and unwavering support of his mother and his significant other, Lakeyta, who have been extremely supportive of Mr. Taylor and have encouraged him to complete his GED coursework while incarcerated. He has begun to reconnect with his father. And most importantly, he is focusing on the future with plans to better himself so that he will be successful upon his eventual release. With this in mind, he asks this Court to honor the plea agreement and impose a sentence no greater than the lowest term of the agreed-upon range.

## III. SENTENCING CONSIDERATIONS

As in all cases, the Court must consider all of the factors identified in 18 U.S.C. § 3553(a) to craft a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a)(1). Counsel submits that the factors weigh as follows in Mr. Hasaan Taylor's case:

### A. The Nature and Circumstances of the Offense and Mr. Hasaan Taylor's History and Characteristics

There is no dispute that the nature of the offense for which Mr. Taylor has accepted responsibility is serious. However, Mr. Taylor is not charged with brandishing, threatening, or using the firearm in any way. The arresting officers were not responding to a call about a weapons offense of any sort, rather, Mr. Taylor was a passenger in a vehicle pulled over for a traffic offense. He was cooperative and compliant upon his arrest.

Mr. Taylor's history and characteristics weigh in favor of a sentence to the lowest term in the agreed-upon sentencing range. Mr. Taylor is a partner in a committed relationship, and dutiful son. He has no history of violence whatsoever. He is one exam away from earing his GED. Additionally, Mr. Taylor may benefit from mental health treatment to assist him with the poor insight and judgment that lead to this offense.

Mr. Taylor did not make excuses for his conduct and accepted full responsibility for his actions early on. The sentence that most appropriately considers Mr. Taylor's history and characteristics, as well as the nature and circumstances of the offense is a sentence no greater than the lowest term of the agreed upon range.

### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

   *1.   To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Thirty-seven months is a significant amount of time in a Federal correctional facility. Mr. Taylor understands the seriousness of his conduct and recognizes the need for a significant sentence. He is well-aware of the stress these events have had on his entire family and recognizes that it is a consequence of his own actions. The insight that Mr. Taylor has garnered since his arrest in this case will ensure that once he is released from custody, he will be able to become a productive member of society. Therefore, the recommended sentence range will serve to meet this prong of the purposes of sentencing, and Mr. Taylor respectfully requests the Court accept the agreement and sentence him to the lowest possible term of the jointly recommended range.

> 2. *To afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.*

The jointly recommended sentence will deter Mr. Taylor from ever again possessing a firearm or committing any other crimes. Mr. Taylor recognizes this sentence will put him in the position of being away from his mother and his significant other for a significant period of time. He knows all too well that both he and they will suffer the consequences of his actions, as will other members of his family who care for him. He further recognizes that he is fortunate, in that they are willing to give him one last opportunity to choose a brighter path, and he knows any additional criminal conduct will most likely result in him losing their support, which is a risk he is unwilling to take.

Should the Court accept the agreement, upon his release Mr. Taylor may be subject to the strict restrictions of federal supervised release and significant penalties associated with violating supervision. He would have available to him the resources and guidance of the United States Probation Office, which will implement a real reentry plan individualized to Mr. Taylor's needs.

The combination of imprisonment and the potential penalties and significant support associated with supervised release will serve the goals of specific and general deterrence.

Moreover, it is well-established that the certainty of punishment, not the severity of it, has the most significant general deterrent effect. A sentence of incarceration is sufficient to deter any similarly situated individual from committing a similar offense. And Mr. Taylor's personal experience in this case, together with the recommended sentence, will provide sufficient individual deterrence against Mr. Taylor repeating this - or any other - offense.

Mr. Taylor has reached a crossroad in his life. He must now decide whether to confront his demons and become a productive member of society or spend the rest of his life behind bars. He has opted for life outside of custody. He understands that it is the only way to ensure a better future than the past he has lived. He has a true recognition of the seriousness of this offense and its consequences as well as all he would lose were he to choose the other path. For these reasons, the Court can be assured that the recommended sentence range will adequately protect the public against further crimes by Mr. Taylor.

> 4. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Despite knowing he will spend a significant period of time in prison, Mr. Taylor has an overall positive outlook about his future. He is looking forward to participating in any BOP programs available to him including mental health treatment, career counseling, and job training. He intends to participate in any training and earn any certifications available to him while serving his sentence. Mr. Taylor has expressed an interest in working toward obtaining a true vocation, where he can work with his hands and earn an honest wage. Additionally, he would like to finish his GED program. A sentence at the bottom of the range outlined in the plea agreement would

permit Mr. Taylor to achieve these educational and vocational training goals, and he respectfully urges the Court accept the agreement impose sentence accordingly.

**C.     Kinds of Sentences Available**

The range of sentences statutorily available to the Court is listed in Part D of the PSR. On Count 1, the maximum term of imprisonment is 10 years, pursuant to 18 U.S.C. § 922(g)(1).

**D.     The Sentencing Range Established by the Sentencing Commission**

Mr. Taylor's total offense level is 19, and the criminal history is Category III. Accordingly, advisory guideline range is 37 months to 46 months. The proposed sentence is not inconsistent with the guidelines and policy statements issued by the Sentencing Commission as the proposed sentence lies within the appropriate guidelines range.

**E.     The Need to Avoid Unwarranted Disparities and Unwarranted Similarities**

The sentence outlined in the plea agreement would not result in an unwarranted sentence disparity among similarly situated defendants. Mr. Taylor's total offense level is 19 and his criminal history is Category III. The corresponding advisory guideline range is 37 to 46 months. As has been discussed, the agreed upon recommended sentencing range falls within that range and is sufficient to achieve the statutory objectives.

**IV.     CONCLUSION**

Based on the above reasons, the defense respectfully requests the Court sentence Mr. Hasaan Taylor to a term of no more than 37 months.

                                                                Respectfully submitted,

                                                                */s/Timothy A. Wright*
                                                                TIMOTHY A. WRIGHT
                                                                Assistant Federal Defender

# CERTIFICATE OF SERVICE

I, Timothy A. Wright, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served a copy of the Defendant's Sentencing Memorandum by Electronic Court Filing notification upon Nicholas E. Freeman, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/Timothy A. Wright
TIMOTHY A. WRIGHT
Assistant Federal Defender

DATE: October 26, 2023